UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EAGLE CRUSHER COMPANY, INC.,** | : | |
| Plaintiff, | | Case No. 2:25-cv-42 |
| v. | | **Chief Judge Sarah D. Morrison** |
| **U.S. EQUIPMENT SALES AND RENTALS,** | : | **Magistrate Judge Kimberly A. Jolson** |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on Eagle Crusher Company, Inc.'s Motion for Default Judgment. (Mot., ECF No. 12.) For the reasons below, the Motion is **GRANTED** in part and **DENIED** in part.

### I. PROCEDURAL HISTORY

Eagle Crusher initiated this action against U.S. Equipment Sales and Rentals in January 2025. (ECF No. 1.) After being served with notice of process via delivery to a registered agent pursuant to Federal Rule of Civil Procedure 4, U.S. Equipment failed to respond to the Complaint. (ECF No. 9, PAGEID # 70.) Subsequently, on April 8, 2025, Eagle Crusher applied to the Clerk for an entry of default under Federal Rule of Civil Procedure 55(a). (ECF No. 10.) Default was entered shortly thereafter. (ECF No. 11.)

### II. FACTUAL BACKGROUND

"Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded allegations in the complaint regarding liability[.]" *Zinganything,*

*LLC v. Import Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016); *see also* Fed. R. Civ. P. 8(b)(6). Thus, the following factual allegations from the Complaint (ECF No. 1) are deemed admitted.

Eagle Crusher provides "advanced and high-performing impact crushers, portable crushing and screening plants, jaw crushers, cone crushers, hammermills, and conveyers for various industries, including recycle concrete, asphalt, aggregate, sand and gravel." (Compl., ¶ 13.) It enters into distribution agreements with various companies to distribute and sell its parts and equipment. (*Id.*, ¶ 16.) Eagle Crusher also owns a federal trademark on the name "EAGLE CRUSHER" (*Id.*, ¶ 17.)

In June 2023, Eagle Crusher entered into a Distributor Agreement with U.S. Equipment. (*Id.*, ¶ 23.) The Distributor Agreement permitted U.S. Equipment to purchase and sell Eagle Crusher's equipment and parts. (*Id.*, ¶ 24.) For any unpaid parts and equipment, Eagle Crusher was entitled to interest at a rate of 1.5% for every thirty days a payment for such equipment and parts is past due. (*Id.*, ¶ 29.) Upon U.S. Equipment's request, Eagle Crusher could repurchase any of its inventory provided that 1) the equipment and parts were new and in unused condition and 2) U.S. Equipment was current on its obligations. (*Id.*, ¶ 31.) Finally, U.S. Equipment was permitted to use Eagle Crusher's trademark and represent itself as a distributor so long as they had a valid Distributor Agreement. (*Id.*, ¶ 34.) Following the expiration of the Distributor Agreement on June 7, 2024, U.S. Equipment was no longer authorized to use Eagle Crusher's trademarks or represent itself as a distributor or affiliate of Eagle Crusher. (*Id.*)

U.S. Equipment violated the terms of the Distributor Agreement by failing to pay for Eagle Crusher's parts and equipment. U.S. Equipment ordered a new and unused piece of equipment, the MaxRap Plant, in December 2023. (*Id.*, ¶ 39.) Though it received the MaxRap Plant in March 2024, U.S. Equipment failed to pay for it, triggering the Distributor Agreement's interest provision. (*Id.*, ¶¶ 61–62.) U.S. Equipment eventually permitted Eagle Crusher to recover its MaxRap Plant in March 2025,[1] but Eagle Crusher incurred additional costs and expenses — replacing missing parts from the MaxRap Plant and shipping costs from the second attempt to pick up the MaxRap plant. (Mot., PAGEID # 96.) U.S. Equipment also failed to pay for miscellaneous parts and equipment in its possession ("Unpaid Parts"). (Compl., ¶¶ 46–49.) Consequently, the Distributor Agreement required it to pay for those Unpaid Parts in full plus interest. (*Id.*)

In addition, U.S. Equipment has continued to represent itself as a distributor of Eagle Crusher, using Eagle Crusher's trademark without authorization. Since the Distributor Agreement expired, U.S. Equipment has used Eagle Crusher's trademarked logo and name on its marketing materials. (Compl., ¶¶ 63–65.) By holding itself as affiliated with Eagle Crusher when it is not, U.S. Equipment is likely to cause customer confusion and unfair competition in the marketplace. (*Id.*, ¶¶ 66–67.)

---

[1] The parties originally agreed for Eagle Crusher to pick up the MaxRap Plant from U.S. Equipment in December 2024. (Compl., ¶¶ 54–57.) However, when Eagle Crusher's agent went to pick up the MaxRap Plant, U.S. Equipment prevented Eagle Crusher from recovering the MaxRap Plant. (*Id.*) On March 7, 2025, after the filing of this action, U.S. Equipment allowed Eagle Crusher to pick up the MaxRap Plant. (Mot., PAGEID # 80.)

Eagle Crusher brings ten claims against U.S. Equipment for breach of contract, unjust enrichment, replevin, trademark infringement, and unfair competition under federal, Ohio, and Illinois law. (*See* Compl.)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. "A party against whom default has been entered is deemed to have admitted all of the well-pleaded allegations in the complaint, except those related to damages." *Boost Worldwide, Inc. v. Cell Station Wireless, Inc.*, No. 2:13-CV-490, 2014 WL 47977, at *1 (S.D. Ohio Jan. 7, 2014) (Graham, J.) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995)).

Once default has been entered, the Court may rule on default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Although the well-pled factual allegations of a complaint are accepted as true to determine liability, the Court must still determine whether those facts state a claim upon which relief may be granted. *Zinganything*, 158 F. Supp. 3d at 672 (citing *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008)). Even still, "those allegations relating to the amount of damages suffered are ordinarily not [accepted as true], and a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Brinager v. JAO Distribs., Inc.*, No.

4

1:14-CV-252, 2014 WL 3689147, at *1 (S.D. Ohio July 23, 2014) (Black, J.) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

IV. **DISCUSSION**

Based on the well-pled allegations in the Complaint, and the evidence submitted by Eagle Crusher in support of its Motion, the Court concludes that there is sufficient basis for determining U.S. Equipment's liability and damages without the need for a hearing.

    A. **Liability**

Beginning with Counts I and II, Eagle Crusher has established its breach of contract claims. The Distributor Agreement requires U.S. Equipment to pay for any equipment purchased plus interest when such payment is overdue, and for it to return to Eagle Crusher any unused equipment for repurchase. Because U.S. Equipment failed to pay for the interest on the MaxRap Plant and the Unpaid Parts plus interest, it breached the Distributor Agreement.

The Court will not grant default judgment on Eagle Crusher's unjust enrichment and replevin claims (Count III–IV). As for the unjust enrichment claim, Eagle Crusher seeks compensation for the same injury caused by the breach of contract claims: a party cannot recover on an unjust enrichment claim when there is a contract governing the conduct. *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC,* No. 2:19-CV-3486, 2022 WL 195077, at *7 (S.D. Ohio Jan. 21, 2022) (Morrison, J.) (citations omitted). As for the replevin claim, Ohio law bars Eagle Crusher from recovering on a tort claim in replevin that is duplicative of a

5

breach of contract claim. *Noticxe, Inc. v. Oakley, Inc.*, No. 3:18-CV-56, 2018 WL 6573714, at *2 (S.D. Ohio Dec. 13, 2018) (Ovington, M.J.) *aff'd*, 2018 WL 6840080 (S.D. Ohio Dec. 31, 2018) (Rice, J.)).

As for Counts V–X, Eagle Crusher has stated trademark infringement and unfair competition claims on account of U.S. Equipment's conduct in wrongfully representing itself as an authorized distributor of Eagle Crusher after the Distributor Agreement expired. (Mot., PAGEID # 78.) This unauthorized use of Eagle Crusher's trademarks is likely to cause consumer confusion and unfair competition.

B.  **Compensatory Damages and Post-Judgment Interest**

Eagle Crusher seeks $208,555.01 in compensatory damages and interest, providing an affidavit and exhibits in support of its request. (*See* Tinkey Aff., ECF No. 12-1.) U.S. Equipment failed to pay for the MaxRap Plant while it was in its possession, so it is liable for the interest on the unpaid balance of what it owed. (*Id.*, ¶¶ 39–45; Mot.) It is also liable for shipping costs and missing parts for the MaxRap Plant and for the Unpaid Parts plus interest. (*Id.*) The Court finds that Eagle Crusher is entitled to the money damages and interest requested.

In addition, Eagle Crusher seeks post-judgment interest. The Court finds that Eagle Crusher is entitled to post-judgment interest under 28 U.S.C. § 1961(a), not at the rate set forth in the Distributor Agreement. *See Gillette Co. v. Save & Disc. LLC*, No. 1:15-CV-636, 2016 WL 3745764, at *4 (S.D. Ohio July 13, 2016)

6

(Black, J.). The post-judgment interest shall accrue at the rate found in 28 U.S.C. § 1961 from the date of this Judgment.

Thus, Eagle Crusher's Motion as to compensatory damages and post-judgment interest is **GRANTED in part**.

  C. **Permanent Injunction**

Next, Eagle Crusher seeks a permanent injunction against U.S. Equipment, precluding U.S. Equipment from: 1) using Eagle Crusher's trademark in a manner suggesting it has any affiliation with Eagle Crusher, and 2) representing in any manner that it is affiliated with Eagle Crusher. (Mot., PAGEID # 97.)

A permanent injunction is "an extraordinary remedy in equity where there is no adequate remedy available at law." *Garono v. State*, 37 Ohio St. 3d 171, 524 N.E.2d 496, 498 (Ohio 1988) (citation omitted). A party seeking a permanent injunction must establish that: (i) irreparable injury will occur without the injunction; (ii) remedies at law are inadequate to compensate for the injury; (iii) an equitable remedy is warranted; and (iv) the public interest would not be disserved by the injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).

The Court finds that enjoining U.S. Equipment's use of Eagle Crusher's trademark is appropriate in this case. Eagle Crusher is likely to suffer irreparable injury if U.S. Equipment is not permanently enjoined from using its trademark. First, U.S. Equipment's use of Eagle Crusher's trademark on its website, emails, and Instagram is likely to cause consumer confusion. Second, there is no adequate

remedy at law for U.S. Equipment's infringing conduct. Because U.S. Equipment has refused to comply with Eagle Crusher's request to stop using its trademark and representing itself as a distributor, there is the potential that U.S. Equipment will continue such use absent a permanent injunction. Third, U.S. Equipment will not face any hardship by complying with a permanent injunction. Finally, the public interest factor favors a permanent injunction. Indeed, "[t]rademark enforcement and prevention of customer confusion are inherently in the public interest." *Boost Worldwide, Inc.*, 2014 WL 47977, at *1 (citing *Park'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198, 105 S. Ct. 658, 83 L. Ed. 2d 582 (1985)).

The Court also finds that it is appropriate to enjoin U.S. Equipment from representing itself as affiliated with Eagle Crusher. Eagle Crusher will face irreparable harm if U.S. Equipment continues to represent itself as an authorized distributor when it is not. There is no adequate remedy at law because U.S. Equipment's behavior in holding itself out as a distributor when the Distributor Agreement has long been expired will continue in the absence of an injunction. U.S. Equipment will not experience a hardship if it is enjoined. And the public interest favors a permanent injunction against U.S. Equipment to prevent consumers from being misled by its conduct.

Accordingly, Eagle Crusher's Motion as to a permanent injunction is **GRANTED**.

    **D.**    **Attorney's Fees and Costs**

8

Eagle Crusher seeks $90,967.50 in attorney's fees and $630 in costs incurred in litigating this matter. (Mot., PAGEID # 92.) It has submitted documentation in support of both its entitlement to and the reasonableness of its request for $91,597.50 in attorney's fees and costs. (Tinkey Aff., ¶¶ 30–31; ECF No. 12-1.)

A district court has substantial discretion when determining the reasonableness of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In evaluating reasonable attorney's fees, courts "begin[] by determining 'the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by [their] court-ascertained reasonable hourly rate.'" *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 821 (6th Cir. 2013) (quoting *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The reasonable hourly rate should be determined according to "the 'prevailing market rate[s] in the relevant community.'" *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)) (emphasis omitted). The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

To prove that the purported fees are reasonable, the requesting party must provide "evidence supporting the hours worked and rates claimed." *Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1207 (6th Cir. 1992) (quoting *Hensley*, 461 U.S. at 433). Courts may also consider awards in analogous cases and their own knowledge and experience from handling similar requests for fees. *See Coulter v.*

9

*State of Tenn.*, 805 F.2d 146, 149-50 (6th Cir. 1986); *Truex v. Drivers Direct, LLC*, 583 F. Supp. 3d 1033, 1036 (N.D. Ohio 2022). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) (internal quotations omitted); *see also B&G Mining, Inc. v. Dir., OWCP*, 522 F.3d 657, 662 (6th Cir. 2008).

    1.    Reasonable Rate

The first part of the Court's lodestar calculation is a reasonable hourly rate. Eagle Crusher is represented by T. Earl LeVere and Kishala Srivastava. In 2024 and 2025, respectively, Eagle Crusher was billed $750 and $800 per hour for Mr. LeVere's time and $385 and $425 for Ms. Srivastava's time as well as for the time spent by two paralegals.

The Court finds no issue with Ms. Srivastava's rates, which are in line with a fifth-year associate in this market. *Davita Inc. v. Marietta Memorial Hosp. Emp. Health Ben. Plan*, 2:18-CV-1739, 2024 WL 4783910, at *3 (S.D. Ohio Nov. 14, 2024) (Jolson, M.J.) (finding an hourly fee of $480 per hour would be reasonable for an associate with six years of experience in 2024).

However, Mr. LeVere's rate is unreasonable. In support of their requested fee amount, Plaintiffs have cited to excepts from the American Intellectual Property Law Association's ("AIPLA") 2023 Report of the Economic Survey. For IP attorneys with 25-34 years of experience, like Mr. LeVere, the AIPLA Report states that the median hourly rate is $525 and the 95th percentile hourly rate is $693. (LeVere

Decl., ECF No. 12-2, PAGEID # 132.) However, this Court favors the Ohio State Bar Association's 2019 Survey on Economics of Law Practice Study[2] to determine the reasonable hourly rates for this market. *See Equity Res., Inc. v. T2 Fin., LLC*, 2:21-CV-5922, 2025 WL 699462, at *4 (S.D. Ohio March 5, 2025) (Sargus, J.) (citation omitted). "The [OSBA Survey] provides a useful 'point of reference,' especially when adjusted for inflation." *Id.* (citing *Regenold v. Ohio State Bd. of Educ.*, No. 2:21-cv-1916, 2023 U.S. Dist. LEXIS 122140, at *4 (S.D. Ohio July 14, 2023) (Graham, J.) (applying 4% increase to OSBA fees to adjust for inflation). The OSBA Survey states that the median hourly rate for IP attorneys is $305 and the 95th percentile hourly rate is $595. Adjusting for inflation at 4% annually from 2019 to 2024, the median rate is $371.08[3] and the 95th percentile rate is $723.91. *Id.*

Taking into consideration both reports and other fee awards in this district, the Court finds that a rate of $600 is appropriate for Mr. LeVere. *See RAK Trademarks, LLC v. Comfort Dental Mason, LLC,* No. 1:22-CV-137, 2023 WL 3743022*,* at *4-5 (S.D. Ohio May 30, 2023) (McFarland, J.) (finding an hourly rate of $600 reasonable for an intellectual property practicing senior partner with 28 years of experience). Thus, Mr. LeVere's hourly rate is adjusted to $600.

---

[2] The Ohio State Bar Association, *The Economics of Law Practice in Ohio in 2019*, https://www.ohiobar.org/membership/Practice-Management-Tools-Services/economics-of-law-practice-study/ (last visited July 25, 2025),

[3] The OSBA Survey's median and 95th percentile rates adjusted for inflation were calculated using https://www.calculator.net/inflation-calculator.html?cstartingamount2=305&cinrate2=4&cinyear2=5&calctype=2&x=Calculate#forward (last visited August 8, 2025).

11

2.   Reasonable Hours

The Court must next determine the reasonable number of hours expended. "Courts have recognized the impracticality of specifying each and every hour to be excluded in a ... fee application ... in which voluminous billing records must be examined," and "for this reason, most circuits, including the Sixth, have authorized across-the-board fee reductions as an appropriate method of trimming fat from a fee application." *Cleveland Area Bd. of Realtors v. City of Euclid*, 965 F. Supp. 1017, 1021 n.5 (N.D. Ohio 1997) (citations and internal quotations omitted).

Here, Eagle Crusher's attorneys spent a total of 141.6 hours on this matter, resulting in $90,967.50 in attorney's fees. However, there was no discovery conducted in the case, no mediation or negotiations. Instead, the case quickly progressed to default judgment. Accordingly, the Court makes a 20% across-the-board reduction on attorney and paralegal time as follows:

| Attorney | Hours | Rate | Adjusted Hours | Adjusted Rate | Adjusted Total Amount |
|---|---|---|---|---|---|
| T. Earl LeVere | 56.90 | $800.00 | 45.52 | $600.00 | $27,312 |
| T. Earl LeVere | 31.40 | $750.00 | 25.12 | $600.00 | $15,072 |

12

| Kishala Srivastava | 34.70 | $425.00 | 27.76 | $425.00 | $11,798 |
| Kishala Srivastava | 17.10 | $385.00 | 13.68 | $385.00 | $5,266.80 |
| Barbara Bacon | 0.20 | $330.00 | 0.16 | $330.00 | $52.80 |
| Julie Whitney | 1.30 | $385.00 | 1.04 | $385.00 | $400.40 |

Eagle Crusher is entitled to an attorney's fees award in the amount of $59,902 and its requested costs of $630.

Thus, Eagle Crusher's Motion as to attorney's fees and costs is **GRANTED in part**.

V. **CONCLUSION**

For the reasons set forth above, Eagle Crusher's Motion for Default Judgment (ECF No. 12) is **GRANTED in part and DENIED in part.**

Eagle Crusher is **GRANTED** judgment on Counts I, II, IV–X of the Complaint.

The Court **AWARDS** damages in favor of Eagle Crusher against U.S. Equipment: (1) the amount of $208,555.01, plus post-judgment interest at the rate found in 28 U.S.C. § 1961 from the date of this Judgment; and (2) attorney's fees and costs of $60,532.

The Court also **ORDERS** as follows:

13

1. U.S. Equipment and its officers, directors, agents, representatives, and all persons acting or claiming to act on its behalf or under its direction or authority, are permanently restrained and enjoined from using any of Eagle Crusher's trademarks in a manner that suggests a connection, affiliation, or other association between U.S. Equipment and Eagle Crusher; and

2. U.S. Equipment and its officers, directors, agents, representatives, and all persons acting or claiming to act on its behalf or under its direction or authority are permanently restrained and enjoined from representing in any manner or by any method or implication whatsoever that any business conducted by U.S. Equipment is connected, affiliated, or otherwise associated with Eagle Crusher, as a distributor or otherwise, or from taking any action that suggests a connection, affiliation, or other association between U.S. Equipment and Eagle Crusher.

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

14